```
 1  BILAL A. ESSAYLI
    First Assistant United States Attorney
 2  ALEXANDER B. SCHWAB
    Acting Assistant United States Attorney
 3  Chief, Criminal Division
    BARR BENYAMIN (Cal. Bar No. 318996)
 4  Assistant United States Attorney
    General Crimes Section
 5       1200 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-6772
 7       Facsimile: (213) 894-0142
         Email:     Barr.Benyamin@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT
12/03/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: KL  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00780-SVW-3 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| SANDRA CARMONA SAMAME, | |
| Defendants. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.   Temporary 10-day Detention Requested (§ 3142(d)) on the
          following grounds:
   ☐ a.   present offense committed while defendant was on release
          pending (felony trial),
   ☐ b.   defendant is an alien not lawfully admitted for
          permanent residence; and

|   |   |   |   |
|---|---|---|---|
| 1 | ☐ | c. | defendant may flee; or |
| 2 | ☐ | d. | pose a danger to another or the community. |
| 3 | ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no |
| 4 |   |   | condition or combination of conditions will reasonably |
| 5 |   |   | assure: |
| 6 | ☒ | a. | the appearance of the defendant as required; |
| 7 | ☒ | b. | safety of any other person and the community; |
| 8 | ☒ | c. | and violation of pretrial release conditions. |
| 9 | ☐ | 3. | Detention Requested Pending Supervised Release/Probation |
| 10 |   |   | Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. |
| 11 |   |   | § 3143(a)): |
| 12 | ☐ | a. | defendant cannot establish by clear and convincing |
| 13 |   |   | evidence that he/she will not pose a danger to any |
| 14 |   |   | other person or to the community; |
| 15 | ☐ | b. | defendant cannot establish by clear and convincing |
| 16 |   |   | evidence that he/she will not flee. |
| 17 | ☐ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. |
| 18 |   |   | § 3142(e)): |
| 19 | ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") |
| 20 |   |   | (46 U.S.C. App. 1901 *et seq.*) offense with 10-year or |
| 21 |   |   | greater maximum penalty (presumption of danger to |
| 22 |   |   | community and flight risk); |
| 23 | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or |
| 24 |   |   | 2332b(g)(5)(B) with 10-year or greater maximum penalty |
| 25 |   |   | (presumption of danger to community and flight risk); |
| 26 | ☐ | c. | offense involving a minor victim under 18 U.S.C. |
| 27 |   |   | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, |
| 28 |   |   |   |

|   |   |   |   |
|---|---|---|---|
| 1 |   |   | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 2 |   |   | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 3 |   |   | to community and flight risk); |
| 4 | ☐ | d. | defendant currently charged with an offense described |
| 5 |   |   | in paragraph 5a - 5e below, AND defendant was |
| 6 |   |   | previously convicted of an offense described in |
| 7 |   |   | paragraph 5a - 5e below (whether Federal or |
| 8 |   |   | State/local), AND that previous offense was committed |
| 9 |   |   | while defendant was on release pending trial, AND the |
| 10 |   |   | current offense was committed within five years of |
| 11 |   |   | conviction or release from prison on the above- |
| 12 |   |   | described previous conviction (presumption of danger to |
| 13 |   |   | community). |
| 14 | ☒ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 15 |   |   | If the Case Involves: |
| 16 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 17 |   |   | § 3156(a)(4)) or Federal crime of terrorism (as defined |
| 18 |   |   | in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum |
| 19 |   |   | sentence is 10 years' imprisonment or more; |
| 20 | ☐ | b. | an offense for which maximum sentence is life |
| 21 |   |   | imprisonment or death; |
| 22 | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is |
| 23 |   |   | 10 years' imprisonment or more; |
| 24 | ☐ | d. | any felony if defendant has two or more convictions for |
| 25 |   |   | a crime set forth in a-c above or for an offense under |
| 26 |   |   | state or local law that would qualify under a, b, or c |
| 27 |   |   |   |
| 28 |   |   |   |

|     |     |     |     |
| --- | --- | --- | --- |
| 1   |     |     | if federal jurisdiction were present, or a combination |
| 2   |     |     | or such offenses; |
| 3   | ☐   | e.  | any felony not otherwise a crime of violence that |
| 4   |     |     | involves a minor victim or the possession or use of a |
| 5   |     |     | firearm or destructive device (as defined in 18 U.S.C. |
| 6   |     |     | § 921), or any other dangerous weapon, or involves a |
| 7   |     |     | failure to register under 18 U.S.C. § 2250; |
| 8   | ☒   | f.  | serious risk defendant will flee; |
| 9   | ☐   | g.  | serious risk defendant will (obstruct or attempt to |
| 10  |     |     | obstruct justice) or (threaten, injure, or intimidate |
| 11  |     |     | prospective witness or juror, or attempt to do so). |
| 12  | ☐   | 6.  | Government requests continuance of _____ days for detention |
| 13  |     |     | hearing under § 3142(f) and based upon the following |
| 14  |     |     | reason(s): |

15

16  _____

17  _____

18  _____

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: December 3, 2025          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Acting Assistant United States Attorney
Chief, Criminal Division

/s/
_____
BARR BENYAMIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

5