Robert M. Bernstein, Esq. SBN 183398
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212
310-477-1480
Robert@California-law.org

Attorney for Defendant
SANDRA CARMONA SAMANE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA CARMONA SAMANE<br><br>Defendant. | Case No. 2:25-cr-00780-SVW-3<br><br>NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Hearing Date: January 26, 2026<br><br>Hearing Time: 11:00 a.m.<br><br>Court: Hon. Stephen V. Wilson |

**NOTICE OF MOTION AND MOTION TO DISMISS INDICTMENT:**

**TO THIS HONORABLE COURT; TO COUNSEL FOR THE**

**GOVERNMENT; TO ALL DEFENSE COUNSEL; PLEASE TAKE NOTICE**

That on January 26, 2026 at 11:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10A  of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, before the Honorable Stephen V. Wilson, Defendant Sandra Carmona Samane, by and through undersigned counsel, hereby moves this Court for an order dismissing the indictment in its entirety and with prejudice pursuant to Federal Rule of Criminal Procedure 12(b).

This motion is made on the grounds that:

1. The indictment fails to allege a cognizable offense under 18 U.S.C. § 119(a);

2. § 119(a) is unconstitutional on its face and as applied to Defendant;

3. All conduct attributed to Defendant constitutes protected speech under the First Amendment;

4. The Indictment improperly seeks to impose liability for statements Defendant did not make, adopt, or endorse;

5. Reliance on 18 U.S.C. §§ 371 and 2 cannot cure the substantive defects in the § 119 charge; and

6. The Government's own incorporated materials establish that no restricted personal information was disclosed and that the address posted was false as a matter of law.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings and records on file, and any argument or evidence the Court may consider.

Dated: December 18, 2025                    Respectfully submitted,


                                            *s/ Robert M. Bernstein*
                                            Robert M. Bernstein
                                            Attorney for Defendant
                                            SANDRA CARMONA SAMANE

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................1

II. STATEMENT OF FACTS.........................................................................2

III. THE SECTION 119 CHARGE FAILS TO STATE AN OFFENSE AS TO

SAMANE BECAUSE SHE MADE NO DISCLOSURE .........................................3

    A. SECTION 119 IS INAPPLICABLE BECAUSE THE ADDRESS WAS

        FALSE .............................................................................................4

    B. SECTION 119 IS UNCONSTITUTIONAL ON ITS FACE .........................5

    C. SECTION 119 IS UNCONSTITUTIONAL AS APPLIED TO SAMANE ...6

        1.  Defendant's Conduct Is Fully Protected Speech........................................7

        2.  The Government Cannot Show True Threats, Intimidation or Incitement 8

        3.  Section 119 Cannot Survive Strict Scrutiny.............................................8

        4.  Less Restrictive Means Exist .....................................................................9

IV. THE GOVERNMENT'S CONSPIRACY THEORY UNDER 18 U.S.C. § 371

FAILS..........................................................................................................9

    A. No Agreement Is Alleged ...........................................................................10

    B. No Unlawful Objective Existed...................................................................11

    C. First Amendment Constraints Bar Speech-Based Conspiracy Liability .......11

    D. No Overt Act Exists....................................................................................12

    E.  Section 371 Cannot Salvage an Invalid Substantive Charge ........................13

i

V. SECTION 2 (AIDING AND ABETTING) CANNOT APPLY...................14

VI. CONCLUSION................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                       **Page(s)**

*Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) ........................................10

*Bartnicki v. Vopper*, 532 U.S. 514 (2001) ................................................................9

*Brandenburg v. Ohio*, 395 U.S. 444 (1969)..............................................................11

*Comité de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936 (9th Cir. 2011) (en banc)........................................................................................10

*Foti v. City of Menlo Park*, 146 F.3d 629 (9th Cir. 1998)........................................10

*Florida Star v. B.J.F.*, 491 U.S. 524 (1989) ...........................................................11

*NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982)......................................16

*New York Times Co. v. Sullivan*, 376 U.S. 254 (1964)............................................11

*Reed v. Town of Gilbert*, 576 U.S. 155 (2015) ........................................................12

*Rewis v. United States*, 401 U.S. 808 (1971) ............................................................9

*Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97 (1979)...............................................11

*Snyder v. Phelps*, 562 U.S. 443 (2011)....................................................................12

*Staples v. United States*, 511 U.S. 600 (1994)...........................................................9

*United States v. Alvarez*, 617 F.3d 1198 (9th Cir. 2010), aff'd, 567 U.S. 709 (2012) ..........................................................................................................8, 12, 17

*United States v. Bagdasarian*, 652 F.3d 1113 (9th Cir. 2011) ....................7, 11, 19

*United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974) ..........................................14

iii

*United States v. Caldwell*, 989 F.2d 1056 (9th Cir. 1993) ........................................17

*United States v. Cassel*, 408 F.3d 622 (9th Cir. 2005) .................................7, 11, 19

*United States v. Feola*, 420 U.S. 671 (1975) .........................................................14

*United States v. Freeman*, 761 F.2d 549 (9th Cir. 1985)........................................15

*United States v. Granderson*, 511 U.S. 39 (1994) ....................................................9

*United States v. Herrera-Gonzalez*, 263 F.3d 1092 (9th Cir. 2001).......................14

*United States v. Melchor-Lopez*, 627 F.2d 886 (9th Cir. 1980) .............................14

*United States v. Mincoff*, 574 F.3d 1186 (9th Cir. 2009)........................................15

*United States v. Montgomery*, 384 F.3d 1050 (9th Cir. 2004) ...............................16

*United States v. Shorty*, 741 F.3d 961 (9th Cir. 2013)...........................................18

*United States v. Stevens*, 559 U.S. 460 (2010) ......................................................10

*United States v. U.S. District Court (Kantor)*, 858 F.2d 534 (9th Cir. 1988) .........12

*Virginia v. Black*, 538 U.S. 343 (2003) ..................................................................12

*Watts v. United States*, 394 U.S. 705 (1969) ..........................................................12

**Statutes**

18 U.S.C. § 119 ...........................................................................................................5

**Other Authorities**

Fed. R. Crim. P. 12(b) .................................................................................................5

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant Sandra Samane respectfully moves to dismiss the indictment under Federal Rule of Criminal Procedure 12(b). The Government has failed to allege a cognizable offense under 18 U.S.C. § 119(a); seeks to apply that statute in a manner unconstitutional both facially and as applied; and attempts to rely on auxiliary theories under 18 U.S.C. §§ 371 and § 2 that collapse once the substantive defect in § 119 is recognized. The indictment rests on expressive political commentary concerning a federal officer acting in public and seeks to punish Ms. Samane for statements she did not make, endorse, or adopt. The Government's own materials confirm that the "address" allegedly disclosed was false and not the officer's residence. A false address cannot constitute "restricted personal information" as a matter of law.

The Government attempts to convert protected expression into criminal liability by imputing to Ms. Samane statements made exclusively by co-defendants. Yet she made no such statements; did not create, publish, repeat, or endorse any Instagram post; did not identify any residence; and engaged only in lawful political commentary. Criminal liability for speech must be individualized. Because no speech attributable to Ms. Samane violates § 119 or falls outside the First Amendment, the indictment must be dismissed with prejudice.

1

## II.    STATEMENT OF FACTS

On August 28, 2025, Ms. Samane rode as a passenger with co-defendants near the Federal Building on North Los Angeles Street when the group observed an ICE vehicle leaving the premises. Believing the vehicle might reflect impending enforcement activity, the co-defendants began livestreaming their drive. The Government asserts that viewers were encouraged to "share the live," but every statement captured pertained to a federal officer performing official duties in public.

The indictment alleges that the defendants disclosed the officer's "home address" on Instagram and urged viewers to "come on down." But the Government's own incorporated materials confirm that the posted address was incorrect and not the officer's actual residence, that statements referencing the address were made exclusively by co-defendants Brown and Raygoza, and that Ms. Samane neither authored nor endorsed any such content. She took no part in creating or disseminating the Instagram post.

The indictment further claims the defendants shouted to bystanders that "your neighbor is ICE" and "la migra lives here." The recording shows these statements were again made only by co-defendants. Ms. Samane did not utter, echo, or adopt them, and the indictment identifies no evidence that anyone heard the remarks or that any information conveyed was private.

2

The Government's materials therefore demonstrate that Ms. Samane made no prohibited statements, published no address, identified no officer, contributed to no Instagram post, and engaged solely in political commentary. These facts foreclose liability under § 119, § 371, or § 2.

## III.    THE SECTION 119 CHARGE FAILS TO STATE AN OFFENSE AS TO SAMANE BECAUSE SHE MADE NO DISCLOSURE

Section 119(a) criminalizes only a person who "knowingly makes restricted personal information publicly available." It requires an affirmative act by the defendant herself. Congress did not impose vicarious liability or criminalize association or proximity.

The Government's own evidence demonstrates that Ms. Samane made no disclosure of any kind. She did not publish or disseminate an address; did not utter the alleged statements; did not repeat or adopt them; and never instructed viewers to "come on down." Her comments, if any, were limited to general political commentary about a federal officer visibly acting in public.

Criminal liability for speech cannot attach to silence or presence. The Ninth Circuit holds that a defendant cannot be held responsible for speech made by others absent personal adoption or repetition. *United States v. Cassel*, 408 F.3d 622, 631–34 (9th Cir. 2005). In *United States v. Bagdasarian*, 652 F.3d 1113, 1120–21 (9th Cir. 2011), the court rejected liability where the prosecution

attempted to infer meaning from listeners' interpretations rather than the defendant's own intent.

Because § 119(a) requires that the defendant herself "make" the disclosure and because Ms. Samane made none, the charge fails as a matter of law.

## A. SECTION 119 IS INAPPLICABLE BECAUSE THE ADDRESS WAS FALSE

Section 119 defines "restricted personal information" to include accurate identifying details such as a true "home address." False or mistaken information falls outside the statute's scope. The Government's materials confirm that the address posted online did not correspond to the officer's residence. Thus, even had a co-defendant intended to disclose restricted personal information, no such information was actually disclosed.

Critically, even this incorrect statement was not made by Ms. Samane. The statute requires that she personally "make" the information public. Imputing another's inaccurate statement to her is incompatible with § 119.

A statute designed to protect federal personnel from the dangers of true identification cannot criminalize the dissemination of false information that reveals nothing about an officer's actual residence. When speech is involved, statutory application must be precise. *United States v. Alvarez*, 617 F.3d 1198, 1205 (9th

Cir. 2010), aff'd, 567 U.S. 709 (2012), emphasizes that false statements, absent additional unlawful elements, remain protected.

Here, the Government's theory fails because the address was false and because Ms. Samane did not speak it. Section 119 is therefore inapplicable.

## B. SECTION 119 IS UNCONSTITUTIONAL ON ITS FACE

Section 119 provides no clear boundary for determining when expressive conduct becomes criminal. The Supreme Court has repeatedly held that where statutory meaning is uncertain, "the tie must go to the runner." *Staples v. United States*, 511 U.S. 600, 619 (1994); *United States v. Granderson*, 511 U.S. 39 (1994); *Rewis v. United States*, 401 U.S. 808 (1971); *United States v. Bass*, 404 U.S. 336 (1971). If courts must pause to determine the statute's scope, it cannot provide fair notice to ordinary citizens engaging in political speech.

All commentary attributed to Ms. Samane concerned the official conduct of a government agent acting in public. Speech about public officials lies at the "core" of First Amendment protection. In *Bartnicki v. Vopper*, 532 U.S. 514, 535 (2001), the Court held that even publication of unlawfully intercepted content is protected when addressing public issues. *Florida Star v. B.J.F.*, 491 U.S. 524 (1989), similarly prohibits punishing truthful publication absent a compelling and narrowly tailored justification.

Section 119 is also unconstitutionally vague. Undefined phrases such as "intent to threaten" and "restricted personal information" give "people of common intelligence" no clear guidance, rendering the statute void under *Foti v. City of Menlo Park*, 146 F.3d 629, 638 (9th Cir. 1998).

The statute is further overbroad because it burdens a substantial amount of protected speech relative to its legitimate sweep. *Virginia v. Hicks*, 539 U.S. 113, 119–20 (2003). The Supreme Court has rejected laws premised on predictions that speech might encourage unlawful conduct. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 243 (2002).

The Ninth Circuit's en banc decision in *Comité de Jornaleros*, 657 F.3d 936 (9th Cir. 2011), confirms that laws restricting expressive activity must be narrowly tailored and cannot be justified when less restrictive alternatives exist. Finally, *United States v. Stevens*, 559 U.S. 460, 470–71 (2010), teaches that new categories of unprotected speech cannot be created merely because the Government disfavors the message.

Section 119's ambiguity, vagueness, and overbreadth render it unconstitutional on its face.

## C. SECTION 119 IS UNCONSTITUTIONAL AS APPLIED TO SAMANE

Even if § 119 were facially valid, it cannot constitutionally apply to Ms. Samane, who did not engage in the proscribed speech, did not endorse it, and did

6

not repeat it. The statute punishes her solely for her presence and occasional political commentary, both fully protected.

Speech-based liability must be individualized. *Cassel* holds that a defendant may not be punished for someone else's threats without personal adoption or repetition. *Bagdasarian* rejects liability premised on others' interpretations or reactions.

The Government's evidence confirms that Ms. Samane made no statements identifying a residence, no statements encouraging unlawful action, and no statements communicating intent to threaten. Any commentary she offered concerned public governmental activity—a category of expression afforded the highest constitutional protection.

## 1. Defendant's Conduct Is Fully Protected Speech

The publication of lawfully obtained information is constitutionally protected. *Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97 (1979); *Florida Star*, 491 U.S. 524. The Government alleges no unlawful acquisition of information by Ms. Samane. She published nothing.

Her comments constitute political advocacy, a central First Amendment function. *Brandenburg v. Ohio*, 395 U.S. 444 (1969), protects even inflammatory political rhetoric absent imminence and intent. *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), mandates robust protection for debate about public officials.

7

Discomfort or stigma cannot justify suppression of speech. *Snyder v. Phelps*, 562 U.S. 443, 458 (2011). The officer's choice to travel home in a visibly identifiable government vehicle is part of the factual context that rendered the commentary political, not personal.

## 2. The Government Cannot Show True Threats, Intimidation, or Incitement

A "true threat" requires a serious expression of intent to commit violence. *Virginia v. Black*, 538 U.S. 343 (2003). Political hyperbole is protected. *Watts v. United States*, 394 U.S. 705 (1969). Nothing attributed to Ms. Samane comes close to a threat. Intimidation cannot be based on subjective discomfort. *Snyder* rejects liability premised on emotional reaction.

Incitement must be directed to and likely to produce imminent lawless action. *Brandenburg*, 395 U.S. at 447. Nothing here suggests imminence or direction. Section 119 lacks *Brandenburg*'s safeguards.

## 3. Section 119 Cannot Survive Strict Scrutiny

As a content-based restriction, § 119 must satisfy strict scrutiny. *United States v. U.S. District Court (Kantor)*, 858 F.2d 534, 540 (9th Cir. 1988). It fails because less restrictive means exist—including statutes targeting threats, harassment, and violence. *Alvarez*, 617 F.3d at 1204; 567 U.S. at 725–29. *Reed v.*

8

*Town of Gilbert*, 576 U.S. 155, 163 (2015), requires compelling justification; discomfort does not suffice.

### 4. Less Restrictive Means Exist

If identification risks exist, officers may avoid traveling home in government vehicles or uniforms, precautions common in many workplaces. Statutes such as 18 U.S.C. §§ 115, 875(d), and 2261A already prohibit threats and harassment. The availability of narrower tools confirms § 119's constitutional deficiency.

## IV. THE GOVERNMENT'S CONSPIRACY THEORY UNDER 18 U.S.C. § 371 FAILS

The Government's attempt to impose conspiracy liability fails because § 371 requires: (1) an agreement; (2) an intent to commit an actual federal offense; and (3) an overt act in furtherance. *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir. 1993). None of these elements exists here. At most, the indictment describes a group of individuals traveling together and engaging in political speech about immigration enforcement. It does not allege that Ms. Samane entered into any agreement to violate § 119, that she shared any criminal objective, or that she undertook any act to further an unlawful plan. In the absence of a pleaded agreement, a real underlying offense, and an overt act by this Defendant, the conspiracy theory collapses as a matter of law.

//

## A. No Agreement Is Alleged

Conspiracy cannot be based on "mere presence," shared viewpoints, or parallel conduct. *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980); *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001); *United States v. Basurto*, 497 F.2d 781, 793 (9th Cir. 1974). The Ninth Circuit has consistently required proof of a "clear, unequivocal, and specific" agreement to commit a particular federal offense. The indictment in this case does not identify any conversation, understanding, or plan in which Ms. Samane agreed that restricted personal information would be disclosed, much less disclosed in violation of § 119. It simply asserts that she was present while others spoke.

The Government does not allege that Ms. Samane discussed § 119, that she agreed to disclose a home address, or that she shared any criminal goal. Riding in a car, observing a government vehicle, and engaging in political commentary do not, without more, amount to a conspiratorial agreement. Nor does the bare assertion that "defendants" did something together cure this defect; grouping individuals in the collective does not substitute for the specific, individualized allegation that § 371 requires. Because there is no allegation that Ms. Samane reached any meeting of the minds to violate federal law, the agreement element is entirely missing.

//

10

## B. No Unlawful Objective Existed

A conspiracy requires intent to commit an actual, cognizable federal offense. *United States v. Feola*, 420 U.S. 671, 686 (1975). The Ninth Circuit has made clear that where the underlying offense is legally impossible, conspiracy cannot lie. *United States v. Mincoff*, 574 F.3d 1186, 1197 (9th Cir. 2009). Here, the indictment and the Government's incorporated materials establish that the address posted online was false and did not correspond to the officer's residence. As a result, there was no disclosure of "restricted personal information" within the meaning of § 119, and no violation of that statute was possible on these facts.

Because § 119 requires the disclosure of true identifying information, and because no such information was ever disclosed, any alleged "agreement" to violate § 119 would have been objectively incapable of fruition. The law does not recognize a conspiracy to commit a non-crime. Without a valid underlying target offense, § 371 has nothing to attach to. In other words, even if the Government could show that Ms. Samane agreed to do what actually occurred, which it has not, what occurred is not a federal offense. The absence of any lawful basis for § 119 liability independently defeats any conspiracy theory.

## C. First Amendment Constraints Bar Speech-Based Conspiracy Liability

The Ninth Circuit prohibits transforming protected expression into conspiracy. In *United States v. Freeman*, the court held that the First Amendment

11

"precludes the government from using conspiracy charges to punish speech that is itself protected." 761 F.2d 549, 552 (9th Cir. 1985). Likewise, *United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007), rejected efforts to criminalize online postings that did not constitute true threats or otherwise unprotected speech. Those cases reflect a consistent principle: conspiracy law cannot be used as an end run around the First Amendment.

The Government's theory here is precisely the type of guilt-by-association that *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 918–19 (1982), forbids. In *Claiborne Hardware*, the Supreme Court held that individuals engaged in political protest could not be held liable for others' unlawful acts absent proof that they specifically intended to further those acts. The same principle applies with even greater force in the criminal context. Imposing conspiracy liability on Ms. Samane for simply being present during others' speech, and for engaging in her own protected political commentary, would chill core political expression and violate the constitutional requirement that liability be tied to one's own wrongful conduct, not the words of others.

### D. No Overt Act Exists

Section 371 also requires an overt act in furtherance of the alleged conspiracy. *United States v. Montgomery*, 384 F.3d 1050, 1063 (9th Cir. 2004). The indictment does not identify any overt act undertaken by Ms. Samane herself.

It does not allege that she posted anything, repeated any address, directed anyone to any location, or otherwise took a concrete step to advance an unlawful plan. At most, it alleges that she was physically present and occasionally commented on government activity, which is not an overt act toward a criminal objective.

Moreover, where speech is involved, the Ninth Circuit has held that expression cannot satisfy the overt-act requirement unless it is independently unlawful. *Alvarez*, 617 F.3d 1198. Political commentary about a federal officer's actions in public, even sharp or critical commentary, does not become an "overt act" simply because the Government dislikes its content. To hold otherwise would allow prosecutors to convert ordinary political dissent into evidence of a criminal conspiracy. Because the indictment alleges no independently unlawful act by Ms. Samane, and no concrete step she took in furtherance of any illegal objective, the overt-act element is unsatisfied.

**E. Section 371 Cannot Salvage an Invalid Substantive Charge**

If § 119 cannot apply, conspiracy cannot apply. *Caldwell*, 989 F.2d at 1059. Section 371 is derivative: it requires a valid "offense against the United States" as the object of the agreement. Where the underlying statute is either inapplicable on its terms or unconstitutional as applied, a conspiracy charge predicated on that statute necessarily fails. Here, § 119 does not reach the conduct alleged, both

13

because no restricted personal information was disclosed and because the Government's theory would violate the First Amendment.

Allowing a defective § 119 charge to proceed under the label of "conspiracy" would invert basic criminal-law principles, permitting conviction without a valid underlying offense and without the individualized culpability the Constitution demands. Because the substantive § 119 theory cannot stand, § 371 cannot be used to manufacture criminal liability where none exists. The conspiracy theory must therefore be dismissed.

## V.    AIDING AND ABETTING THEORY FAILS AS WELL

Aiding and abetting requires affirmative steps taken with the intent to facilitate a crime. *United States v. Shorty*, 741 F.3d 961, 969 (9th Cir. 2013). The Government must show that the defendant (1) had advance knowledge of the criminal plan, (2) intended the substantive offense to succeed, and (3) took some action to help bring it about. Mere presence at the scene of a crime, or mere association with the principal, is not enough. Nor is passive acquiescence or failure to object.

On the facts alleged, Ms. Samane took no steps to assist in any disclosure. She did not draft, post, or share the Instagram content. She did not repeat the address, did not instruct anyone to "come on down," and did not signal agreement with those statements. There is no allegation that she encouraged the co-

14

defendants, helped them locate the address, or did anything else to facilitate the supposed offense. To the contrary, the Government's own materials show that all acts of "publication" were undertaken by others, without her participation.

Equally important, aiding-and-abetting liability presupposes that a principal offense actually occurred. Where no principal violates § 119, because the address is false and thus not "restricted personal information" there is nothing to aid or abet. The law does not recognize aiding and abetting a non-crime. Even if the Government could show that a co-defendant intended to disclose a home address, the failure to disclose any true restricted information means the substantive offense never materialized. Without a completed or attempted violation of § 119, § 2 cannot serve as a backdoor to liability.

Finally, *Bagdasarian* and *Cassel* confirm that expressive conduct lacking intent to support unlawful acts cannot sustain aiding-and-abetting liability. In both cases, the Ninth Circuit emphasized that when speech is at issue, courts must be especially careful not to punish protected expression under the guise of secondary liability. Here, the only conduct attributable to Ms. Samane is political commentary about government activity which is squarely protected by the First Amendment. She neither shared the requisite criminal intent nor engaged in any affirmative act to further a crime. For all of these reasons, the aiding-and-abetting theory fails as a matter of law.

15

## VI.    CONCLUSION

The indictment attempts to criminalize political commentary regarding a federal officer acting in public. It relies on statements that Ms. Samane never made, did not adopt, and did not endorse. The address at issue was false; § 119 does not apply. The statute is unconstitutional on its face and as applied. The Government's conspiracy and aiding-and-abetting theories cannot cure these fatal defects and, in fact, magnify the constitutional infirmities by attempting to punish silence, presence, and political disagreement.

The First Amendment prohibits transforming protected expression into criminal conduct. The Due Process Clause prohibits punishing a defendant for speech she did not make. Basic criminal law prohibits imposing liability where no underlying offense exists. Every doctrinal pathway leads to a single conclusion: the indictment cannot stand.

Dated: December 18, 2025                 Respectfully submitted,


                                                            *s/ Robert M. Bernstein*
                                                            Robert M. Bernstein
                                                            Attorney for Defendant
                                                            SANDRA CARMONA SAMANE

CERTIFICATION OF WORD COUNT

I, Robert M. Bernstein, hereby certify that the foregoing Motion to Dismiss the Indictment contains 4,155 words, according to the count feature of Microsoft Word.