Robert M. Bernstein, Esq. SBN 183398
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212
310-477-1480
Robert@California-law.org

Attorney for Defendant
SANDRA CARMONA SAMANE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA CARMONA SAMANE<br><br>Defendant. | Case No. 2:25-cr-00780-SVW-3<br><br>REPLY IN SUPPORT OF MOTION TO DISMISS COUNT ONE OF THE INDICTMENT<br><br><br>Hearing Date: January 26, 2026<br><br>Hearing Time: 11:00 a.m.<br><br>Court: Hon. Stephen V. Wilson |

**I. INTRODUCTION**

This case now presents a single, dispositive question: **may the government proceed on a conspiracy charge after conceding that the alleged underlying**

1

**crime never occurred and could not have occurred as charged?** The answer is no.

The government originally charged Defendant Sandra Samane with conspiring to violate 18 U.S.C. § 119 by publicly disclosing a federal agent's home address. That theory has collapsed. The government has moved to dismiss the substantive § 119 count after conceding that defendants did not disclose the agent's home address, an element the statute expressly requires. Having lost the alleged object offense, the government now seeks to proceed by reframing protected political speech, presence, and association as a criminal conspiracy.

Conspiracy law does not permit this maneuver. Nor does the First Amendment. Because Count One alleges no unlawful object and rests entirely on expressive conduct that is constitutionally protected, it must be dismissed.

**II. AFTER DISMISSING THE UNDERLYING § 119 OFFENSE, THE GOVERNMENT HAS NO LAWFUL THEORY OF THE CASE**

The government's current posture reveals the absence of a coherent and lawful theory. Count One alleges a conspiracy whose sole unlawful object is a violation of § 119. The government now concedes that the alleged conduct does not satisfy § 119's elements because no home address was publicly disclosed.

As a result, the government's theory has shifted. It no longer contends that Ms. Samane conspired to commit a completed § 119 offense. It does not contend

2

that she threatened violence. It disclaims proceeding on a crime-of-violence or facilitation theory. What remains is an effort to criminalize speech, presence, and association by labeling them "intimidation."

That is not a permissible theory of criminal liability.

### III. CONSPIRACY LAW DOES NOT ALLOW CONVICTION WHERE THE OBJECT OFFENSE IS NOT A CRIME

A conspiracy under 18 U.S.C. § 371 requires an agreement to commit an "offense against the United States." While completion of the offense is not required, the object of the agreement must be criminal if carried out as alleged.

Here, even accepting the indictment's allegations as true, the conduct described does not violate § 119. A neighbor's address is not the covered person's home address, and the government has formally conceded that point. Because the alleged conduct would not constitute a crime under § 119, Count One alleges no unlawful object.

This is not a case of factual impossibility or failed execution. It is legal impossibility. The government cannot use conspiracy doctrine to punish an agreement to do something that is not illegal as charged.

### IV. THE GOVERNMENT CANNOT SALVAGE COUNT ONE BY RECASTING PROTECTED SPEECH AS "INTIMIDATION"

Having lost the statutory offense, the government seeks to substitute rhetoric for elements. It characterizes protest speech, filming, chanting, and live-streaming as "intimidation" in the hope that this label alone will sustain Count One.

But the First Amendment draws clear lines. Speech may be punished only if it falls within a recognized exception, such as true threats or incitement of imminent lawless action. The indictment alleges neither.

Ms. Samane is not alleged to have made a true threat, expressed intent to commit violence, or incited imminent unlawful action. The government expressly disclaims a crime-of-violence theory. Absent those elements, political expression—even if provocative or unwelcome—is protected speech. Criminal liability cannot be imposed by relabeling such speech as "intimidation."

## V. PRESENCE AND ASSOCIATION CANNOT SUPPLY THE MISSING ELEMENTS OF AGREEMENT AND INTENT

The government's theory as to Ms. Samane depends heavily on her presence with others and her proximity to expressive activity. But presence at a protest, association with co-defendants, or participation in expressive conduct does not establish agreement to commit a crime, particularly where the alleged crime is not a crime at all.

Conspiracy law requires proof of a knowing agreement to pursue an unlawful objective. It does not permit conviction based on guilt by association or

after-the-fact attribution of others' conduct. Because the government has no viable unlawful object, it cannot infer agreement from presence alone.

## VI. ONCE THE § 119 COUNT IS DISMISSED, THE REMAINING THEORY CRIMINALIZES PROTECTED POLITICAL EXPRESSION

With the dismissal of Count Two, this case rests entirely on expressive conduct. That reality heightens, not diminishes, the Court's obligation to scrutinize the government's theory carefully.

Allowing this case to proceed would establish a dangerous precedent: that the government may charge a speech-targeting statute, concede its elements cannot be met, and then rely on conspiracy doctrine to punish political expression anyway. The First Amendment does not permit such an end run.

## VII. BECAUSE THE GOVERNMENT HAS NO LAWFUL THEORY OF THE CASE, COUNT ONE MUST BE DISMISSED

At bottom, the government's case against Ms. Samane asks the Court to approve a novel and impermissible theory: that one may be convicted of conspiracy even where the alleged object offense is not criminal and the conduct consists of protected speech and presence.

5

The Constitution and conspiracy law foreclose that result. Because Count One alleges no unlawful object and no unprotected speech, it fails as a matter of law.

## VIII. CONCLUSION

After conceding that no § 119 offense occurred, the government seeks to proceed on Count One by criminalizing speech, presence, and association alone. That is not a lawful theory of conspiracy. The Court should dismiss Count One as to Defendant Sandra Samane.

Date: January 18, 2026        Respectfully Submitted,

*Robert M. Bernstein*
Robert M. Bernstein
Counsel For Defendant
Sandra Carmona Samane