Robert M. Bernstein, Esq. SBN 183398
9465 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212
310-477-1480
Robert@California-law.org

Attorney for Defendant
SANDRA CARMONA SAMANE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA CARMONA SAMANE<br><br>Defendant. | Case No. 2:25-cr-00780-SVW-3<br><br>NOTICE OF MOTION AND MOTION IN LIMINE NO. 1<br>TO EXCLUDE EVIDENCE OR ARGUMENT SUGGESTING A § 119 VIOLATION OR "DOXXING"<br><br>Hearing Date: February 9, 2026<br><br>Hearing Time: 11:00 a.m.<br><br>Court: Hon. Stephen V. Wilson |

**PLEASE TAKE NOTICE** that on February 9, 2026, at 11:00 a.m. or as soon thereafter as the matter may be heard, defendant Ms. Samane and joined by counsels for defendant Raygoza and defendant Brown will and hereby does move this Court in limine for an order precluding the government from introducing

1

evidence or argument suggesting that defendants disclosed a federal agent's home address or committed a violation of 18 U.S.C. § 119, and from using the term "doxxing" or any variant thereof at trial.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file, and such argument as the Court may permit.

Dated: Janaury 26, 2026                    Respectfully submitted,


                                           *s/ Robert M. Bernstein*
                                           Robert M. Bernstein
                                           Attorney for Defendant
                                           SANDRA CARMONA SAMANE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case no longer includes a charge under 18 U.S.C. § 119. The government has moved to dismiss the substantive § 119 count after conceding that defendants did not publicly disclose the federal agent's home address, an element the statute requires. That concession has consequences.

At trial, the government may not imply, suggest, or argue that Ms. Samane or other defendants disclosed the agent's home address or committed a completed § 119 offense. Nor may it use loaded rhetoric or evidence designed to invite the jury to believe that such a violation occurred despite the government's formal abandonment of that charge.

Allowing the government to proceed as though a § 119 violation occurred would mislead the jury, unfairly prejudice Ms. Samane and co-defendants , and permit conviction based on a theory the government has conceded is legally invalid. The Court should preclude such evidence and argument before trial.

## II. THE GOVERNMENT HAS CONCEDED THAT NO § 119 VIOLATION OCCURRED

Section 119 criminalizes making publicly available restricted personal information "about a covered person," including "the home address … of, and identifiable to, that individual." 18 U.S.C. § 119(b)(1).

The government has moved to dismiss the substantive § 119 count because defendants did not disclose the agent's home address. That concession establishes, as a matter of law, that the conduct alleged does not satisfy § 119's elements.

The government cannot now suggest to the jury, explicitly or implicitly, that Ms. Samane or the others disclosed the agent's home address or completed the offense the government has conceded did not occur.

### III. EVIDENCE OR ARGUMENT SUGGESTING A COMPLETED § 119 OFFENSE IS IRRELEVANT AND PREJUDICIAL

Under Federal Rule of Evidence 401, evidence is admissible only if it tends to prove a fact of consequence. Once the § 119 count has been dismissed, whether Ms. Samane or others disclosed the agent's home address is no longer a fact of consequence, it is a legal impossibility under the government's own position.

Even if marginally relevant, such evidence or argument must be excluded under Rule 403. Allowing the jury to hear suggestions that a § 119 violation occurred would: Invite confusion about the elements of the remaining charge; Encourage conviction based on an offense no longer in the case; Create unfair prejudice by implying dangerous or unlawful conduct the government concedes did not happen

Courts routinely exclude evidence that risks misleading the jury into deciding a case on an improper legal theory.

# IV. THE GOVERNMENT MUST BE PRECLUDED FROM USING THE TERM "DOXXING" OR ANY VARIANT THEREOF

The government should be expressly barred from using the term "doxxing," or any variation of that term, in opening statement, witness examination, or closing argument.

First, "doxxing" is not an element of any charged offense. It does not appear in 18 U.S.C. § 371, does not appear in § 119, and does not appear anywhere in the indictment. It is a colloquial label, not a legal concept. Its use would therefore serve no evidentiary purpose and would instead function solely as argumentative shorthand designed to suggest criminality.

Second, use of the term "doxxing" would improperly imply completion of the very offense the government has dismissed. The government has conceded that no disclosure of the agent's home address occurred and has moved to dismiss the substantive § 119 count on that basis. The term "doxxing," however, carries a widely understood meaning: the intentional exposure of a person's private identifying information. Permitting the government to repeatedly label Ms. Samane's conduct as "doxxing" would falsely signal to the jury that a § 119 violation occurred, despite the government's concession that it did not.

The Federal Rules of Evidence do not permit the government to smuggle a dismissed charge back into the case through loaded terminology.

Third, the term "doxxing" is inherently inflammatory and unfairly prejudicial within the meaning of Rule 403. In modern usage, "doxxing" connotes malicious online harassment, threats, and exposure to danger. Its use invites the jury to decide the case based on moral condemnation rather than on the elements of the remaining charge. Courts routinely exclude pejorative labels, such as "terrorist," "gang member," or "extremist," where those labels are not elements of the offense and risk unfair prejudice. "Doxxing" presents the same danger here.

Fourth, allowing the government to use the term "doxxing" would collapse the distinction between protected speech and criminal conduct, a distinction that is constitutionally critical in this case. Once the § 119 count is dismissed, the remaining allegations involve expressive activity—speech, filming, chanting, and protest. Labeling that conduct "doxxing" is not a neutral description; it is a legal conclusion masquerading as a fact. The First Amendment forbids criminal liability by rhetorical relabeling.

Finally, exclusion of the term "doxxing" is necessary to preserve clarity for the jury. The jury's task is to decide whether Ms. Samane and the others knowingly entered into an agreement to commit a specific federal crime. Injecting a non-statutory buzzword invites confusion about what conduct is actually unlawful and risks a verdict based on misunderstanding rather than proof beyond a reasonable doubt.

For all of these reasons, the Court should preclude the government from using the term "doxxing," "doxxed," "dox," or any similar formulation, and should require the government, if it describes conduct at all—, do so using neutral, factual language untethered from dismissed charges or inflammatory labels.

## V. CONCLUSION

Because the government has conceded that no § 119 violation occurred, it may not suggest otherwise at trial. Allowing such evidence or argument would mislead the jury and unfairly prejudice Ms. Samane and the others. The motion should be granted.

Dated: Janaury 26, 2026           Respectfully submitted,

*s/ Robert M. Bernstein*
Robert M. Bernstein
Attorney for Defendant
SANDRA CARMONA SAMANE