TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
Major Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8231/4962
    Facsimile: (213) 894-0141
    E-mail:    lauren.border@usdoj.gov
            clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CYNTHIA RAYGOZA,<br>  aka "Cynthia Curiel Curiel,"<br>ASHLEIGH BROWN,<br>  aka "ice_out_ofla,"<br>  aka "corn_maiden_design," and<br>SANDRA CARMONA SAMAME,<br>  aka "Sandra Karmona,"<br>  aka "Sandra Carolina Carmona Samame,"<br>  aka "Sandra Carmona Samane,"<br><br>      Defendants. | No. 2:25-cr-00780-SVW<br><br>GOVERNMENT'S MOTION IN LIMINE #1 TO PRECLUDE IRRELEVANT EVIDENCE AND ARGUMENT SEEKING JURY NULLIFICATION<br><br>Hearing Date: February 9, 2026 at<br>              11:00 a.m.<br>Trial Date:  February 24, 2026<br>Time:       at 9:00 a.m.<br>Location:    Courtroom of the<br>            Hon. Stephen V.<br>            Wilson |

    Plaintiff United States of America, by and through its counsel of record, the Assistant United States Attorneys Clifford D. Mpare

1   and Lauren E. Border, hereby files its motion in limine to preclude

2   irrelevant evidence and argument aimed at jury nullification.

3       This motion in limine is based upon the attached memorandum of

4   points and authorities, the files and records in this case, and such

5   further evidence and argument as the Court may permit.

6   Dated: January 27, 2026              Respectfully submitted,

7                                        TODD BLANCHE
                                         Deputy Attorney General
8
                                         BILAL A. ESSAYLI
9                                        First Assistant United States
                                         Attorney
10
                                         ALEXANDER B. SCHWAB
11                                       Assistant United States Attorney
                                         Acting Chief, Criminal Division
12

13                                       _____/s/_____
                                         LAUREN E. BORDER
14                                       CLIFFORD D. MPARE
                                         Assistant United States Attorneys
15
                                         Attorneys for Plaintiff
16                                       UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

Defendants CYNTHIA RAYGOZA ("Raygoza"), ASHLEIGH BROWN

4 ("Brown"), and SANDRA SAMAME ("Samame") (collectively, "defendants")

5 followed an ICE agent home from work, harassed him and his family,

6 and live-streamed on social media an address approximately 100 feet

7 from the agent's home, inviting viewers to "come on down."

8 Defendants have been indicted for (1) conspiring to release

9 restricted personal information of an ICE agent, and (2) stalking

10 him.

11

The government anticipates that defendants may raise multiple

12 issues at trial that are irrelevant to the charged offenses and aimed

13 at jury nullification, including argument and testimony regarding:

14 (1) immigration-related political tensions in the U.S.;

15 (2) information regarding the ICE agent's employment history; and

16 (3) legal arguments that the First Amendment prevents defendants'

17 convictions.  As the only purpose of this evidence and argument would

18 be to elicit an emotional response from the jury or for jury

19 nullification, they should be precluded under Federal Rules of

20 Evidence 402 and 403.

21

## II.   FACTUAL BACKGROUND

22

### A.    Defendants Follow R.H. Home from Work to Harass Him

23

On August 28, 2025, the three defendants in this case got into

24 Brown's car and followed an ICE agent ("R.H.")[1] from the federal

25 building located at 300 North Los Angeles Street to his home in

26

27

[1] The complaint in this action refers to the victim as "R.R.,"
whereas the indictment refers to him as "R.H." Before the events in
28 this case, the victim changed his name from R.R. to R.H. to reflect a
family name.

1  Baldwin Park -- approximately 15 miles and more than a 20-minute

2  drive.  R.H. realized he was being followed, but believed he had lost

3  the car that was tailing him.  When defendants reached R.H.'s home in

4  a residential neighborhood, wearing black masks, they yelled at him

5  in front of his wife and children and shouted to his neighbors while

6  walking up and down the block that he was an ICE agent.

7          Defendants live-streamed the events on social media accounts.

8  This live-stream captured defendants following R.H. to the street

9  where he lived and their subsequent confrontation with him.  R.H.'s

10 wife, and a neighbor concerned by defendants' yelling and face

11 coverings, separately called 911.  Shortly after their calls, Baldwin

12 Park Police Department ("BPPD") officers arrived.  Defendants

13 announced on their live-stream a street name, residence number, and

14 city that identified R.H.'s block.  They zoomed in on R.H.'s face,

15 saying: "There's the ICE agent. This is where he lives apparently,"

16 and "the neighbors didn't know - now they know."  Defendants also

17 told the followers to "come on down" to the Baldwin Park

18 neighborhood.  Minutes later, other individuals did indeed arrive

19 outside R.H.'s home.  The individuals verbally accosted the BPPD

20 officers, and one individual exclaimed: "Let's dox them!"

21      **B.  Procedural History**

22          For their conduct, a grand jury indicted defendants on September

23 23, 2025, in a two-count indictment charging defendants with

24 conspiracy (18 U.S.C. § 371) and publicly disclosing the victim's

25 personal address (18 U.S.C. § 119(a)).  The government ultimately

26 determined that defendants failed to state the victim's actual home

27 address, as required under 18 U.S.C. § 119(a), and instead said the

28 number of a neighbor's home approximately 100 feet from the victim's

1  home. (Dkt. 98 at 4 n.4.) Accordingly, the government moved to

2  dismiss, and the Court dismissed Count Two of the indictment. (Dkts.

3  97, 99.)

4      Then, on January 15, 2026, a grand jury returned a first

5  superseding indictment charging defendants with the same conspiracy

6  and adding a charge of stalking (18 U.S.C. § 2261A) (Dkt. 103). The

7  conspiracy charge in the superseding indictment amended the

8  allegation to indicate that defendants disclosed "an address

9  approximately 100 feet" from the victim's home.[2]

10 **III. ARGUMENT**

11     **A.    Legal Standard**

12     Evidence must be relevant to defendant's guilt to be admissible.

13 The only evidence admissible at trial is evidence that relates to the

14 elements for the instant offense and that has a "tendency to make a

15 fact more or less probable." Fed. R. Evid. 401; see also Fed. R.

16 Evid. 402. The Court may also "exclude relevant evidence" if the

17 probative value is outweighed by a "danger" of "unfair prejudice,

18 confusing the issues, misleading the jury, undue delay," or "wasting

19 time." Fed. R. Evid. 403.

20     It is also well-established that a defendant does not have a

21 right to a jury nullification instruction. United States v. Navarro-

22 Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (citing cases and noting

23 that courts have "uniformly rejected" requests for jury nullification

24 instructions); United States v. Blixt, 548 F.3d 882, 890 (9th Cir.

25 2008) (finding it proper to instruct the jury to disregard

26

27 ───────────────

28     [2] Counsel for Samame also informed the government that her true and correct last name is "Samame" rather than "Samane," thus the government corrected the indictment accordingly.

3

nullification argument). Having no right to seek jury nullification, defendant has no right to make jury nullification arguments or present evidence relevant only to such a strategy. See United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008) ("Neither a [d]efendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of, the crime charged."); see also Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant." (citing Chandler v. Florida, 449 U.S. 560, 574 (1981))). Indeed, trial courts "have a duty to forestall or prevent" jury nullification, including by preventing "impermissible" defense questioning or argument. United States v. Lynch, 903 F.3d 1061, 1079-80 (9th Cir. 2018) (citation omitted).

**B.    The Court Should Exclude Irrelevant and Unduly Prejudicial Testimony and Argument that Invites the Jury to Nullify**

The government must prove three elements to establish defendants' guilt for conspiracy: First, that beginning and ending on August 28, 2025, there was an agreement between defendants to commit a violation of 18 U.S.C. § 119(a),[3] which prohibits doxxing federal agents; second, that defendants became members of the conspiracy knowing of at least one of its objects and intending to help

---

[3] The anti-doxxing statute, in turn, makes it a crime to: (1) knowingly make restricted personal information about a covered person, or a member of the immediate family of that covered person, publicly available; (2) with the intent to threaten, intimidate, or incite the commission of a crime of violence against that covered person, or a member of the immediate family of that covered person; or with the intent and knowledge that the personal information will be used to threaten, intimidate, or facilitate the commission of a crime of violence against that covered person, or a member of the immediate family of that covered person.

4

accomplish it; and _third_, that one of the defendants of the

conspiracy performed at least one overt act on or after August 28,

2025 for the purpose of carrying out the conspiracy.  Ninth Circuit

Model Criminal Jury Instructions, No. 11.1 (2024 ed.).

The government must also prove three elements to establish

defendants' guilt for stalking: that defendants (1) with the intent

to harass or intimidate another person, or placing under surveillance

with the intent to harass or intimidate another person, (2) used the

mail, any interactive computer service or electronic communication

service or electronic communication system of interstate commerce, or

any other facility of interstate or foreign commerce; (3) to engage

in a course of conduct that caused, attempted to cause, or would

reasonably be expected to cause, substantial emotional distress to

that person, or an immediate family member of that person, or a

spouse or intimate partner of that person.  See 18 U.S.C.

§ 2261A(2)(b).

Because questions and arguments relating to the enumerated

topics below are irrelevant, unduly prejudicial, would confuse the

issues, and waste time at trial, the Court should exclude them.

### 1.    Immigration-related political tensions

The government anticipates defendants may seek to introduce at

trial evidence or argument regarding ongoing political tensions

between ICE agents and protestors of immigration enforcement

activities, including defendants themselves, as well as evidence of

defendants' prior activities protesting immigration enforcement in-

person or on social media.  This is irrelevant to the conspiracy and

stalking charges in the indictment and thus inadmissible under Rules

401, 402, and 403.  Introduction of evidence regarding tensions

between federal agents and protestors would also be highly inflammatory -- particularly in light of ongoing demonstrations in Minnesota and recent shootings involving ICE agents in Los Angeles -- and only serve to elicit sympathy from the jury to indirectly ask them to acquit defendants because they are politically misaligned with R.H.'s profession.  R.H. does not have a personal connection to the ongoing greater political discourse in this country, and such evidence has no bearing on the elements of the offenses charged. Similarly, defendants' own histories protesting ICE are not relevant to whether they conspired to dox R.H. and stalked him on August 28, 2025.  The Court should thus exclude any of this evidence at trial. See, e.g., Yowan Yang v. ActioNet, Inc., No. 14-cv-792-AB, 2016 WL 8929250, at *6 (C.D. Cal. Feb. 19, 2016) (excluding "race-based comments"); Clark v. Martinez, 295 F.3d 809, 814 (8th Cir. 2002) (rejecting evidence of racial motivation because "hostile motive is not an element" of the relevant charges).

> 2.    Information regarding R.H.'s employment history

Defendant Brown has requested intrusive discovery into R.H.'s employment, including: (1) a description of R.H.'s job title, rank, and duties, how long he has held his current position, and his employment history preceding this position; (2) R.H.'s timesheet for the month of August 2025; (3) R.H.'s work hours and specific assignment on August 28, 2025; (4) cell phone records for R.H. for both his work phone and personal phone on August 28, 2025, including call logs; and (5) a vehicle log of all government vehicles assigned to and/or used by R.H. between June 1, 2025, and August 31, 2025.

None of this information is relevant to the elements of the two charged offenses for conspiracy and stalking.  Defendant's requests

1    for this information suggests some intent to use such information at

2    trial.  There is no dispute that R.H. was an ICE agent on August 28,

3    2025, and thus covered by 18 U.S.C. § 119, which prohibits doxxing

4    federal agents.[4]  The inquiry ends there, and the Court should

5    exclude any evidence or argument regarding R.H.'s employment history

6    as irrelevant under Fed. R. Evid. 401 and 402.

7                    3.    Improper legal arguments

8          Finally, the government anticipates that defendants will attempt

9    to make improper legal arguments to the jury mirroring those made in

10   their motions to dismiss the indictment.  Whether the anti-doxxing

11   statute, 18 U.S.C. § 119(a), violates the First Amendment on its face

12   and as applied to defendants' conduct is the subject of defendants'

13   pending motions. (See dkts. 92-93, 95.)  Thus, the issue of whether

14   the anti-doxxing statute is inconsistent with the First Amendment

15   will be resolved pre-trial, and the jury instructions will adequately

16   inform the jurors of the necessary elements of the offenses.

17   Argument that the First Amendment permits defendants' alleged conduct

18   is a legal issue for the Court, not a fact issue for the jury.  See

19   Sparf v. United States, 156 U.S. 51, 87 (1895) ("It would be absurd

20   to say that the determination of the law belongs to the jury, not

21   court, if the court has power to set aside that which the jury

22   determines.") (citation omitted).  The Court should thus preclude any

23   argument that the crimes with which defendants are charged are

24   invalid under the First Amendment.

25

26

27        [4] A "covered person" includes "any officer or employee of the
     United States or of any agency in any branch of the United States
28   Government." 18 U.S.C. §§ 119(b)(2)(A) and 1114.  R.H. is still
     employed by ICE.

                                       7

**IV. CONCLUSION**

      Defendants are free to argue that the evidence presented at trial is insufficient to establish the elements of the crimes charged.  But defendants should not be permitted to make arguments or introduce evidence irrelevant to the elements of the charged offenses and instead designed to promote nullification or to otherwise invite the jury to base its decision on emotion, as opposed to the facts and the law.  For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine.