TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
Major Crimes Section
       1200 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-8231/4962
       Facsimile: (213) 894-0141
       E-mail:   lauren.border@usdoj.gov
                 clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00780-SVW |
| Plaintiff, | JOINT DISPUTED PROPOSED JURY INSTRUCTIONS PROPOUNDED BY THE GOVERNMENT |
| v. | |
| CYNTHIA RAYGOZA,<br>  aka "Cynthia Curiel Curiel,"<br>ASHLEIGH BROWN,<br>  aka "ice_out_ofla,"<br>  aka "corn_maiden_design,"<br>and<br>SANDRA CARMONA SAMAME,<br>  aka "Sandra Karmona,"<br>  aka "Sandra Carolina Carmona Samame,"<br>  aka "Sandra Carmona Samane,"<br>          Defendants. | Trial Date:  February 24, 2026<br>Time:         9:00 a.m.<br>Location:  Courtroom of the Hon.<br>           Stephen V. Wilson |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Clifford D. Mpare and Lauren E. Border; defendant CYNTHIA RAYGOZA, by and through her counsel of record Gregory Nicolaysen; defendant ASHLEIGH BROWN, by and through her counsel of record Erica Choi and Shannon Coit; and defendant SANDRA CARMONA SAMAME, by and through her counsel of record Robert Bernstein, hereby submit their Joint Disputed Proposed Jury Instructions Propounded by the Government in the above-captioned case.

Dated: February 5, 2026            Respectfully submitted,

                                   TODD BLANCHE
                                   Deputy Attorney General

                                   BILAL A. ESSAYLI
                                   First Assistant United States Attorney

                                   ALEXANDER B. SCHWAB
                                   Assistant United States Attorney
                                   Acting Chief, Criminal Division


                                       /s/
                                   _____
                                   LAUREN E. BORDER
                                   CLIFFORD D. MPARE
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

Dated: February 5, 2026               /s/*
                                   _____
                                   GREGORY NICOLAYSEN
                                   Attorney for Defendant
                                   CYNTHIA RAYGOZA

                                   *signed with email authorization

Dated: February 5, 2026

                              ____/s/*_____
                              ERICA CHOI
                              SHANNON COIT
                              Attorneys for Defendant
                              ASHLEIGH BROWN

                              *signed with email authorization


Dated: February 5, 2026
                              ____/s/*_____
                              ROBERT BERNSTEIN
                              Attorneys for Defendant
                              SANDRA CARMONA SAMAME

                              *signed with email authorization

## INDEX OF DISPUTED PROPOSED JURY INSTRUCTIONS

## PROPOUNDED BY THE GOVERNMENT

| Government Proposed No. | Title | Source | Page |
|---|---|---|---|
| 2[1] | Conspiracy – Elements | Ninth Circuit Model Criminal Jury Instructions, No. 11.1 (2022 ed.) | 1 |
| 3 | Public Disclosure of Personal Information of a Federal Agent – Elements | 18 U.S.C. § 119; 18 U.S.C. § 1114; Virginia v. Black, 538 U.S. 343 (2003) | 6 |
| 4 | Stalking – Elements | 18 U.S.C. § 2261A(2)(B) and various (see instruction) | 12 |
| 5 | Aiding and Abetting (18 U.S.C. § 2(a)) | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed.) | 18 |

---

[1] The parties request the Court read the joint undisputed instruction for Separate Consideration of Multiple Counts – Multiple Defendants before the instructions below.

i

## <u>GOVERNMENT PROPOSED INSTRUCTION NO. 2</u>

The defendants are charged in Count One of the indictment with conspiracy to make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code.  For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on a date unknown and continuing until on or about August 28, 2025, there was an agreement between two or more persons to publicly disclose the personal information of a federal agent; and

Second, defendants became members of the conspiracy knowing of its purpose and intending to help accomplish that purpose; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit the crime alleged in the indictment as an object or purpose of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Ninth Circuit Model Criminal Jury Instructions, No. 11.1 (2022 ed.)
[Conspiracy - Elements]

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 2 AND ALTERNATIVE INSTRUCTION**

The defense objects to the government describing the conspiracy as "beginning on a date unknown." As the government's motions in limine indicate, the conspiracy began and ended on August 28, 2025, and the instructions should reflect that as well.

**Defendants propose an alternative instruction as follows:**

The defendants are charged in Count One of the indictment with conspiracy to make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on and ending August 28, 2025, there was an agreement between two or more persons to make publicly available the restricted personal information of R.H. in violation of Section 119(a) of Title 18; and

Second, defendants became members of the conspiracy knowing of its purpose and intending to help accomplish that purpose; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit a crime. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply

met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit the crime alleged in the indictment as the object or purpose of the conspiracy with all of you agreeing that the conspirators agreed to commit that crime.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who knowingly joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Source: Ninth Circuit Model Criminal Jury Instructions, No. 11.1 (2022 ed.) [Conspiracy - Elements]

4

**GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 2 AND ALTERNATIVE INSTRUCTION**

Defendants improperly attempt to narrow the scope of their conspiracy by changing the language "beginning on a date unknown and continuing until on or about August 28, 2025" to "beginning on and ending August 28, 2025."  Count One of the First Superseding Indictment in this case charges defendants with a conspiracy "[b]eginning on a date unknown to the Grand Jury, and continuing until on or about August 28, 2025."  (Dkt. 103.)  The jury instructions should reflect the charge in the indictment.

1

## GOVERNMENT PROPOSED INSTRUCTION NO. 3

2      To make publicly available the restricted personal information

3 of R.H., in violation of Section 119(a) of Title 18 of the United

4 States Code, a person must knowingly make restricted personal

5 information about a federal agent, or a member of the immediate

6 family of that federal agent, publicly available, with the intent to

7 threaten or intimidate that federal agent, or a member of the

8 immediate family of that federal agent; or with the intent and

9 knowledge that the personal information will be used to threaten or

10 intimidate that federal agent, or a member of the immediate family

11 of that federal agent.

12      "Restricted personal information" means the Social Security

13 number, the home address, home phone number, mobile phone number,

14 personal email, or home fax number of, and identifiable to, that

15 individual.

16      "Threaten" in this context means communicating a serious

17 expression of an intent to commit an act of unlawful violence to a

18 particular individual or group of individuals.

19      "Intimidate" in this context means directing a threat to a

20 person or group of persons with the intent of placing the victim in

21 fear of bodily harm or death.

22 / /

23 / /

24 / /

25

26

27

28

1       To convict defendants on Count One of the indictment, the
2   government need not prove that defendants actually violated Section
3   119(a) of Title 18 of the United States Code.  It is sufficient for
4   the government to prove beyond a reasonable doubt that defendants
5   conspired to do so.

26   18 U.S.C. § 119; 18 U.S.C. § 1114 (defining a "covered person" to
27   include federal agents); Virginia v. Black, 538 U.S. 343 (2003)
28   (defining "threaten" and "intimidate").

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 3 AND ALTERNATIVE INSTRUCTION**

The defense seeks an instruction that makes clear that for 18 U.S.C. § 119(a), the speech itself must be a true threat. The intent to threaten alone is not sufficient for a violation of 18 U.S.C. § 119(a). To that end, the defense requests an element explaining that the speech be a true threat be added.

The defense also requests a sentence defining "make [information] publicly available." As previously briefed, this is a key element of the statute. *See* Motion to Dismiss, ECF 93, 5-7.

Finally, the defense proposes a definition of "true threat" that comes from the Sixth Circuit Pattern Instructions for transmission of threats (18 U.S.C. § 875(c)). The pattern instruction is based on *Counterman v. Colorado*, 600 U.S. 66, 72-78 (2023)), a Supreme Court case that analyzed whether the First Amendment requires proof of a defendant's subjective mindset in true-threats cases, and if so, what mens rea standard was sufficient. The Court held that the government must prove in true-threats cases that the defendant had some subjective understanding of his statements' threatening nature, but the First Amendment requires no more demanding a showing than recklessness.

**Defendants propose an alternative instruction as follows:**

To make publicly available the restricted personal information of R.H., in violation of Section 119(a) of Title 18 of the United States Code, all of the following must be true:

First, the person knowingly made publicly available the restricted personal information of a federal agent, or a member of the immediate family of that federal agent;

1    Second, the act of making the restricted personal information
2    publicly available was a threat; and

3    Third, the person did so with the intent to threaten or
4    intimidate that federal agent, or a member of the immediate family
5    of that federal agent; or with the intent and knowledge that the
6    personal information would be used to threaten or intimidate that
7    federal agent, or a member of the immediate family of that federal
8    agent.

9    To "make [information] publicly available" means to publish
10   information that was not previously available to the public.

11   "Restricted personal information" means the Social Security
12   number, the home address, home phone number, mobile phone number,
13   personal email, or home fax number of, and identifiable to, that
14   individual.

15   "Threat" in this context means a serious expression of intent
16   to inflict bodily harm on a particular person that a reasonable
17   observer would perceive to be an authentic threat.

18   To "threaten" or "intimidate" in this context means directing a
19   threat to a person or group of persons with the intent of placing
20   the victim in fear of bodily harm or death.

21   To convict defendants on Count One of the indictment, the
22   government need not prove that defendants actually violated Section
23   119(a) of Title 18 of the United States Code.  It is sufficient for
24   the government to prove beyond a reasonable doubt that defendants
25   conspired to do so.

26   Source: 18 U.S.C. § 119; Sixth Circuit Pattern Jury Instruction
27   18.01 (defining "threat"); Counterman v. Colorado, 600 U.S. 66, 72-
28   78 (2023).

**GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 3 AND ALTERNATIVE INSTRUCTION**

First, defendants seek to insert an element that is not present in the anti-doxxing statute: "the act of making the restricted personal information publicly available was a threat." This is not an element of the offense; the definitions of "threaten" and "intimidate" account for the legal standard. The Court should use the definitions of those terms requested by the government, and decline to insert defendants' new element.

Second, defendants assert that to "make [information] publicly available" means "to publish information that was not previously available to the public." As explained in the government's opposition to defendants' motion to dismiss Count One of the indictment (dkt. 98), this is inconsistent with the text of 18 U.S.C. § 119, which says "make publicly available," not "make publicly available for the first time." Defendants' interpretation of the statute would raise endless line-drawing questions about what counts as the "first time," and ignores the damage done by collecting and intentionally posting a federal agent's personal information online. See Am. Farm Bureau Fed'n v. EPA, 836 F.3d 963, 972 (8th Cir. 2016) ("There is an important distinction between the mere ability to access information and the likelihood of actual public focus on that information.") (cleaned up) (emphasis in original).

Third, defendant inserts definitions of "threat," "threaten," and "intimidate" which are not consistent with the seminal case Virginia v. Black, 538 U.S. 343 (2003). Black clearly defines "threaten" in this context to mean "communicating a serious

10

expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Id. at 359. And Black also clearly defines "intimidate" in this context as "directing a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death." Id. at 360. Defendants' cobbled-together definitions muddies the law and will needlessly confuse the jury with its different definitions of "threaten" versus "threat."

**GOVERNMENT PROPOSED INSTRUCTION NO. 4**

The defendants are charged in Count Two of the indictment with stalking, in violation of Title 18, United State Code, Section 2261A(2)(B).

For each defendant to be found guilty of that charge, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant possessed the intent to harass or intimidate another person, or place that person under surveillance with the intent to harass or intimidate them;

Second, that the defendant pursued that intention through a course of conduct that made use of the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce; and

Third, that the defendant's course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to R.H., R.H.'s spouse, or a member of R.H.'s immediate family.

"Harass" means to repeatedly or persistently use words, conduct, or action that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress in that person and serves no legitimate purpose.

"Intimidate" in this context means to make timid or fill with fear.

"Substantial emotional distress" means mental distress, mental suffering, or mental anguish, and includes depression, dejection, shame, humiliation, mortification, shock, indignity, embarrassment,

grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain. When considering whether the intended course of conduct "would be reasonably expected to cause" substantial emotional distress, you must consider whether, in light of the evidence presented in this case, a reasonable person in the same or similar circumstances as the victim would suffer substantial emotional distress as a result of the intended course of conduct, as defined in these instructions.

A "course of conduct" is a pattern of conduct composed of two or more acts, evidencing a continuity of purpose. You may consider each communication between the defendant and R.H. or his family members as a separate act. You are not required to agree unanimously on which two or more acts constitute the course of conduct. Not all acts that constitute part of a course of conduct must involve the use of the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce.

A mobile phone and the internet are each facilities of interstate commerce.

18 U.S.C. § 2261A(2)(B); 18 U.S.C. § 2266(2) (defining "course of conduct"); United States v. Pantchev, 2:21-CR-00050-JFW (similar instruction on § 2261A(2)(B) count); United States v. Davis, 5:14-CR-00240-D (E.D.N.C.) (same); United States v. Ackell, 1:15-CR-123-

JL (D.N.H.) (same); United States v. Osinger, 753 F.3d 939, 945 (9th Cir. 2014) (definition of "harass" and "substantial emotional distress"); United States v. Shrader, 675 F.3d 300 (4th Cir. 2012) (definition of "intimidate"); United States v. Ackell, 907 F.3d 67 (1st Cir. 2018); Fifth Circuit Pattern Jury Instruction (Criminal Cases) No. 2.86B (2019 ed.); United States v. Gonzalez, 905 F.3d 165 (3d Cir. 2018); United States v. Bell, 303 F.3d 1187 (9th Cir. 2002); United States v. Bowker, 372 F.3d 365 (6th Cir. 2004); United States v. Conlan, 786 F.3d 380 (5th Cir. 2015); United States v. Lapine, 714 F.3d 641, 647 (1st Cir. 2013) (jury unanimity not required as to subsidiary facts that establish means of carrying out scheme to defraud, i.e., jury may unanimously agree that government proved a scheme to defraud even if it disagrees as to the precise means by which it was proven); United States v. Temkin, 797 F.3d 682, 690-91 and n.1 (9th Cir. 2015) (telephone and internet are facilities of interstate commerce); United States v. Barlow, 568 F.3d 215, 220 (5th Cir. 2009) ("[I]t is beyond debate that the Internet and email are facilities or means of interstate commerce.").

14

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 4 AND ALTERNATIVE INSTRUCTION**

The defense objects to the government's lengthy instruction, which misstates the charges in the Superseding Indictment. The defense proposes the Court instead use the Fifth Circuit Model Instructions for 18 U.S.C. § 2261A(2).

The government's proposed instruction states the defendants intended to harass or intimidate "them," but the Count Two alleges defendants intended to harass and intimidate R.H. specifically. As such, the instruction should specify R.H., not "them." Likewise, in the second element, the course of conduct must include at least two acts that involve an interstate commerce facility. The defense objects to the government's description of "course of conduct."

Likewise, in the second element, the Superseding Indictment alleges the use of "facilities of interstate commerce, namely interstate wires." As such, the additional language of "mail" and "interactive computer service" should be omitted.

The defense objects to defining "harass," "intimidate," and "substantial emotional distress." In particular, the statute does not include a definition of "substantial emotional distress," and the government's verbose definition is completely unnecessary. Finally, in line 2, the government's proposed instruction states the crime alleged in Count Two is "stalking." The crime alleged is not "stalking" by crossing state lines. Rather, the crime alleged is using a facility of interstate commerce with the intent to stalk. The Fifth Circuit Model Instruction tracks the language of the statute and correctly depicts the crime alleged, and should be used

here.

**Defendants propose an alternative instruction as follows:**

The defendants are charged in Count Two of the indictment with using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H.

For each defendant to be found guilty of that charge, the government must prove all of the following elements beyond a reasonable doubt:

First, the defendant used an interactive computer service, an electronic communication system, interstate wires, or the internet;

Second, the defendant did so with the intent to harass or intimidate R.H.; and

Third, that through the use of the interactive computer service, an electronic communication system, interstate wires, or the internet, the defendant engaged in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to R.H., R.H.'s spouse, or a member of R.H.'s immediate family.

A "course of conduct" is defined as a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.

Source: Fifth Circuit Model Instruction 2.68B (18 U.S.C. §§ 2261A(2)).

16

**GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 4 AND ALTERNATIVE INSTRUCTION**

Defendants' proposed instruction is a transparent effort to mislead and confuse the jury.

First, defendants over-complicate the name of the stalking statute, 18 U.S.C. § 2261A, by calling it "using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H." 18 U.S.C. § 2261A is entitled "Stalking." Ninth Circuit jurisprudence surrounding section 2261A(2) has consistently referred to the instant offense as "stalking." See United States v. Osinger, 739 F. 3d 939 (9th Cir. 2014) (referring to 2261A(2) as "the stalking statute," and "interstate stalking"). And commonly in this district, this Court has referred to 18 U.S.C. § 2261A as "stalking" or "cyberstalking." See, e.g., United States v. Lipman, 2:23-CR-00491-FLA, Dkt. 190 (jury instructions referring to 2261A(2)(B) as a violation of "stalking.").

Second, defendants' instruction lacks three key definitions: "harass," "intimidate," and "substantial emotional distress."[2] Without these definitions, the jury will lack adequate guidance. The jury may also misapply the definition of the word "intimidate" from the anti-doxxing statute, when case law makes clear the definition is less stringent in the context of the stalking statute. The government's proposed definitions are supported by case law and necessary to properly instruct the jury considering there is no model Ninth Circuit jury instruction for stalking.

---

[2] Defendants' definition of "course of conduct" will be filed separately as defendants' proposed instruction number 6.

17

1

### GOVERNMENT PROPOSED INSTRUCTION NO. 5

2  A defendant may be found guilty of stalking, even if the

3 defendant personally did not commit the act or acts constituting the

4 crime but aided and abetted in its commission.  To "aid and abet"

5 means intentionally to help someone else commit a crime.  To prove a

6 defendant guilty of stalking by aiding and abetting, the government

7 must prove each of the following beyond a reasonable doubt:

8  First, someone else committed stalking;

9  Second, the defendant aided, counseled, commanded, induced, or

10 procured that person with respect to at least one element of

11 stalking;

12  Third, the defendant acted with the intent to facilitate

13 stalking; and

14  Fourth, the defendant acted before the crime was completed.

15  It is not enough that the defendants merely associated with the

16 person committing the crime, or unknowingly or unintentionally did

17 things that were helpful to that person or was present at the scene

18 of the crime.  The evidence must show beyond a reasonable doubt that

19 each defendant acted with the knowledge and intention of helping

20 that person commit stalking.

21  A defendant acts with the intent to facilitate the crime when

22 the defendant actively participates in a criminal venture with

23 advance knowledge of the crime and having acquired that knowledge

24 when the defendant still had a realistic opportunity to withdraw

25 from the crime.

26 / /

27 / /

28 / /

18

1    The government is not required to prove precisely which

2 defendant actually committed the crime and which defendant aided and

3 abetted.

26 Ninth Circuit Model Criminal Jury Instructions, No. 4.1 (2022 ed.)

27 [Aiding and Abetting (18 U.S.C. § 2(a))].

**DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 5 AND ALTERNATIVE INSTRUCTION**

The defense objects to the instruction's reference to Count Two as "stalking." That is not the crime alleged. The defense's proposal replaces "stalking" with the actual crime that is charged in Count Two: using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk.

**Defendants propose an alternative instruction as follows:**

A defendant may be found guilty of using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H., even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of Count Two by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the offense of using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H.;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of that offense;

Third, the defendant acted with the intent to facilitate that offense; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendants merely associated with the person committing the crime, or unknowingly or unintentionally did

things that were helpful to that person or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that each defendant acted with the knowledge and intention of helping that person commit the offense of using an interactive computer service, an electronic communication system, interstate wires, or the internet with the intent to stalk R.H.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**GOVERNMENT RESPONSE TO DEFENDANTS' OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 5 AND ALTERNATIVE INSTRUCTION**

Defendants attempt to complicate a simple charge.  18 U.S.C. § 2261A is entitled "Stalking."  As noted above, Ninth Circuit jurisprudence surrounding section 2261A(2) has consistently referred to the instant offense as "stalking."  See United States v. Osinger, 739 F. 3d 939 (9th Cir. 2014) (referring to 2261A(2) as "the stalking statute," and "interstate stalking").  Defendants' proposal to remove the operative language related to the offense from the jury instructions serves no purpose other than to attempt to complicate the issues the jury must assess in their role as the finders of fact.  Respectfully, the government requests the Court adopt the government's proposed instruction number 5 above.