1  TODD BLANCHE
   Deputy Attorney General
2  BILAL A. ESSAYLI
   First Assistant United States Attorney
3  ALEXANDER B. SCHWAB
   Assistant United States Attorney
4  Acting Chief, Criminal Division
   LAUREN E. BORDER (Cal. Bar No. 327770)
5  Assistant United States Attorney
   General Crimes Section
6  CLIFFORD D. MPARE (Cal. Bar No. 337818)
   Assistant United States Attorney
7  Major Crimes Section
        1200 United States Courthouse
8       312 North Spring Street
        Los Angeles, California 90012
9       Telephone: (213) 894-8231/4962
        Facsimile: (213) 894-0141
10      E-mail:    lauren.border@usdoj.gov
                   clifford.mpare@usdoj.gov
11
   Attorneys for Plaintiff
12 UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00780-SVW |
| Plaintiff, | |
| v. | GOVERNMENT'S SUPPLEMENTAL TRIAL MEMORANDUM |
| CYNTHIA RAYGOZA,<br>  aka "Cynthia Curiel Curiel,"<br>ASHLEIGH BROWN,<br>  aka "ice_out_ofla,"<br>  aka "corn_maiden_design," and<br>SANDRA CARMONA SAMAME,<br>  aka "Sandra Karmona,"<br>  aka "Sandra Carolina Carmona Samame,"<br>  aka "Sandra Carmona Samane," | Trial Date: February 24, 2026<br>Time:       9:00 a.m.<br>Location:   Courtroom of the Hon. Stephen V. Wilson |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Clifford D. Mpare and

Lauren E. Border, hereby files the Government's Supplemental Trial Memorandum.

Dated: February 25, 2026           Respectfully submitted,

                                              TODD BLANCHE
                                              Deputy Attorney General

                                              BILAL A. ESSAYLI
                                              First Assistant United States Attorney

                                              ALEXANDER B. SCHWAB
                                              Assistant United States Attorney
                                              Acting Chief, Criminal Division

                                                 /s/
                                              LAUREN E. BORDER
                                              CLIFFORD D. MPARE
                                              Assistant United States Attorneys

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

**STATEMENT OF FACTS**

During trial on February 25, 2026, several issues were raised:

1. Counsel for defendant Raygoza stated Raygoza's intent to file a supplemental jury instruction regarding the definition of "covered person" under 18 U.S.C. § 119(a) (the anti-doxxing statute).
2. Counsel for defendant Brown stated her intent to have a private investigator testify regarding (1) the fact that the windows of R.H.'s government vehicle are tinted; and (2) the fact that R.H.'s home address could be found online before August 28, 2025.

**ARGUMENT**

For the reasons explained below, the Court should (1) reject defendant Raygoza's supplemental jury instruction, and (2) preclude defendant Brown's investigator from testifying about those topics at trial.

**I.   THE COURT SHOULD REJECT RAYGOZA'S SUPPLEMENTAL JURY INSTRUCTION**

At the end of the trial day on February 25, 2026, counsel for Raygoza stated he anticipated filing a proposed supplemental jury instruction that explained that a "covered person" under the anti-doxxing statute means a person who is "engaged in" his official duties. Per Raygoza, since R.H. was off-duty when defendants conspired to dox him, he is not considered a "covered person." This is contrary to the law and plain language of the statute.

The anti-doxxing statute, 18 U.S.C. § 119(a), makes it a crime to knowingly make restricted information about a "covered person" (or a member of the immediate family of that covered person) publicly available. The term "covered person" is defined as, among other

things, "an individual designated in section 1114." Section 1114 in turn protects "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) **while such officer or employee is engaged in or on account of the performance of official duties.**" 18 U.S.C. § 1114(a) (emphasis added). An ICE officer who is doxxed "on account of the performance of [his] official duties," like R.H, is a covered person. There is no dispute that defendants followed R.H. home and told strangers on the Internet where he lived precisely because he is an ICE officer and because they opposed ICE enforcement of immigration laws (i.e., on account of the performance of his official duties). Defendant Raygoza's attempt to narrow the language to only federal officers <u>engaged</u> in their duties is improper, reads the entire clause "on account of the performance of official duties" out of the law, and would defang the anti-doxxing statute entirely. It does not make sense that a federal officer can only be doxxed while on duty – what matters is the <u>nexus</u> between the doxxing and his official duties, as is illuminated by the other definitions of "covered person" under 18 U.S.C. § 119(b)(2) (e.g., "a State or local officer or employee whose restricted personal information is made publicly available because of the participation in, or assistance provided to, a Federal criminal investigation by that officer or employee").

The language "on account of the performance of official duties" appears in numerous other statutes governing crimes against federal officials. For example, it appears in 18 U.S.C. § 115(a)(1) which outlaws, among other things, the assault, kidnap, or murder of a "United States official, a United States judge, a Federal law

2

enforcement officer," or an official defined in § 1114(a). Under defendant Raygoza's improperly narrow reading, this law would apply only to the murder of one of those officials while they were at work. Cf. United States v. DePape, 2024 WL 1421264 (N.D. Cal. 2024) (Order on motion for new trial for the attempted kidnapping of Congresswoman and Speaker Emerita of the U.S. House of Representatives Nancy Pelosi and the assault on her husband).

The Court should reject defendant Raygoza's supplemental instruction regarding a "covered person."[1]

## II. DEFENDANT BROWN'S INVESTIGATOR SHOULD BE PRECLUDED FROM TESTIFYING

Defendant Brown's investigator should be precluded from testifying because both topics of anticipated testimony are irrelevant, duplicative, would only serve to confuse the jury, and waste time. See Fed. R. Evid. 401, 403.

First, there is no dispute that R.H. was driving a government car home from the federal building that had tinted windows. The defense elicited testimony from R.H. at trial that the windows of his government car were all tinted and it was not possible to see into the vehicle. The government has not, and will not, argue that defendants knew during their drive from the federal building to

---

[1] Notably, it does not appear any other defendant has requested an instruction on the definition of "covered person," and the parties jointly submitted jury instructions several days before the pretrial conference in this case. If the Court is inclined to give an instruction on "covered person," it should track the exact language of section 1114 and define it as: "any officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance."

3

Baldwin Park that they were following R.H. to his home. Indeed, the government's opening statement acknowledged that defendants speculated they were following R.H.'s vehicle to an ICE enforcement action. Defendants' initial speculation aside, defendants ultimately realized they had followed R.H. to his home, as evidenced by multiple comments caught on video. See, e.g., Government Ex. 3 at 1:06 – 1:11 (Brown: "That's the ICE agent – this is where he lives apparently."). The government has sufficient evidence to convict defendants even assuming they initially believed R.H. was driving to an ICE enforcement action. There is no reason to call a witness to testify about R.H.'s tinted windows.

Second, the Court has already found irrelevant the investigator's other area of testimony: that R.H.'s personal address in Baldwin Park could be found online before August 28, 2025. The Court denied defendant's motion to dismiss the indictment (dkt. 93), where Brown argued that the anti-doxxing statute "does not apply to information that is already publicly available" and "the indictment must be dismissed because it does not allege that [R.H.]'s home address was not publicly available." (Dkt. 93 at 1, 3.) By denying defendant's motion to dismiss, the Court has already found that this legal argument carries no weight. As explained in the government's opposition to defendant's motion to dismiss, Brown's position is inconsistent with the plain language of the statute, which says "make publicly available," not "make publicly available for the first time." 18 U.S.C. § 119(a); see also Am. Farm Bureau Fed'n v. EPA, 836 F.3d 963, 972 (8th Cir. 2016) ("There is an important distinction between the mere ability to access information and the likelihood of actual public focus on that information.") (cleaned up) (emphasis in

4

original); Vangheluwe v. Got News, LLC, 365 F. Supp. 3d 850, 858 (E.D. Mich. 2019) (defining doxxing as "using the Internet to source out and collect someone's personal and private information and then publicly releasing that information online") (emphasis added). Introducing this testimony at trial would thus inject irrelevant evidence that would confuse the jury and fly in the face of the jury instructions.

   The Court, therefore, should preclude defendant Brown's investigator from testifying at trial.